IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE FLEMING f/k/a JACQUELINE BAKER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No. 1:19-cv-08487 |

**CLASS ACTION COMPLAINT**

**NOW COMES**, JACQUELINE FLEMING f/k/a JACQUELINE BAKER, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, SELECT PORTFOLIO SERVICING, INC., as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2).

**PARTIES**

4. JACQUELINE FLEMING f/k/a JACQUELINE BAKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Plainfield, Illinois.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. SELECT PORTFOLIO SERVICING, INC. ("Defendant") is a prominent mortgage servicer that services mortgage loans nationwide.

7. Defendant's principal place of business is located at 3217 South Decker Lake Drive, Salt Lake City, Utah 84119.

8. Upon information and belief, Defendant services hundreds of thousands of mortgage loans nationwide.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of servicing mortgage loans; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects mortgage debt owed to others.

## FACTUAL ALLEGATIONS

10. On April 15, 2005, Plaintiff executed a mortgage (the "Mortgage") in favor of Accredited Home Lenders, Inc.

11. The Mortgage secured the purchase of Plaintiff's principal residence located at 13435 Vicarage Drive, Plainfield, Illinois 60544 (the "Property").

12. The Mortgage secured the repayment of a second mortgage loan in the amount of $90,000 issued to Plaintiff to fund the purchase of the Property (the "Loan").

13. Plaintiff defaulted on the Loan by failing to make monthly payments.

14. Thereafter, Defendant acquired the servicing rights to the Loan.

15. On March 11, 2010, Plaintiff filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

16. Plaintiff duly scheduled Defendant on her bankruptcy schedules.

17. Plaintiff completed all the steps necessary to obtain a bankruptcy discharge.

18. Accordingly, on July 7, 2010, the Bankruptcy Court granted Plaintiff a discharge pursuant to 11 U.S.C. § 727.

19. Plaintiff's bankruptcy discharge extinguished her personal liability on the Loan. *See* 11 U.S.C. § 727(a) and 11 U.S.C. §524(a).

20. On April 30, 2016, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

21. On September 1, 2016, Plaintiff filed an Amended Chapter 13 plan.

22. Plaintiff's Amended Chapter 13 Plan provided:

> The value of [Defendant's] second mortgage claim on Debtor's property located at 13435 Vicarage Drive, Plainfield, Illinois 60585, is valued at zero. Consequently, [Defendant's] 2nd mortgage lien shall be stripped from this property upon discharge and will not [be] paid as an unsecured during the plan as this debt was previously discharged. [Defendant] shall release its lien against the aforementioned property upon discharge.

23. Plaintiff's Amended Plan did not provide for *any* payments to Defendant.

24. Defendant did not object to Plaintiff's Amended Plan.

25. On or about September 9, 2016, Plaintiff's Amended Chapter 13 Plan was confirmed by the Bankruptcy Court ("Confirmed Plan"), binding Defendant to the terms of the Confirmed Plan. *See* 11 U.S.C. §1327(a).

26. On February 28, 2019, Plaintiff filed a lawsuit against Defendant alleging violations of the FDCPA.

27. Plaintiff's FDCPA claims arose from Defendant's attempts to collect on the Loan while the Plaintiff was in bankruptcy.

3

28. In May 2019, Plaintiff and Defendant reached a settlement and Plaintiff dismissed her FDCPA claims against Defendant with prejudice.

29. As part of the settlement, Defendant agreed to cease sending demands for payment on the Loan while Plaintiff was in bankruptcy.

30. On November 15, 2019, Defendant sent Plaintiff a Mortgage Statement in an effort to collect payment on the Loan.

31. The Mortgage Statement provided, in pertinent part:

> Post-Petition Due Date: 12/01/2019
> Statement Due Date: 12/1/2019
> **Payment Amount: $373.97**

32. The Mortgage Statement further stated "[t]he Payment Amount does not include any amount that was past due before you filed for bankruptcy."

33. The Mortgage Statement also included a detachable payment coupon with payment instructions.

34. A true and correct copy of the Mortgage Statement is attached hereto as Exhibit A.

35. Defendant attempted to collect payment on the Loan while the bankruptcy discharge injunction and automatic stay were in effect. *See* 11 U.S.C. §524(a) and 11 U.S.C. §362(a).

36. Moreover, Defendant's attempt to collect payment on the Loan violated the Confirmed Plan, which did not provide for *any* payment to Defendant. *See* 11 U.S.C. §1327(a).

37. Plaintiff performed all of her obligations as set forth in the Confirmed Plan.

38. On December 19, 2019, as result of Plaintiff's successful completion of her Chapter 13 Plan, the Bankruptcy Court closed Plaintiff's bankruptcy case.

**DAMAGES**

39. Plaintiff suffered from emotional distress and mental anguish as a result of Defendant's unlawful attempts to collect payment on the Loan as Plaintiff was led to believe her previous bankruptcy discharge (Chapter 7) and subsequent Confirmed Plan had no legal effect and that she was still personally liable on the Loan.

40. Defendant's conduct is especially egregious in light of the fact that Plaintiff has already brought suit against Defendant for the identical conduct complained of herein.

41. As demonstrated by Defendant's continued unlawful attempts to collect payment on the Loan, Plaintiff has been denied the fresh start contemplated by the Bankruptcy Code.

**INDIVIDUAL CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq*.)**

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. The Loan is a "debt" as defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

44. Specifically, the Loan was incurred to fund the purchase of Plaintiff's principal residence.

45. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

46. The bankruptcy automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of a bankruptcy case. 11 U.S.C. §362(a)(6).

47. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. §362) or the discharge injunction (11 U.S.C. §524), it is not." *Randolph v. IMBS, Inc.,* 368 F.3d 726, 728 (7th Cir. 2004).

   **a.  Violations of 15 U.S.C. §1692e**

48. Section 1692e of the FDCPA provides:

    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
    >
    > (2) The false representation of –
    >
    >    (A) the character, amount, or legal status of any debt.
    >
    > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. Defendant violated §1692e by making false representations regarding the Loan.

50. Defendant violated §1692e(2)(A) by misrepresenting the character, amount, or legal status of the Loan because no payments were due on the Loan at the time Defendant made a payment demand to Plaintiff by virtue of Plaintiff's Chapter 7 discharge and the terms of the Confirmed Plan.

51. Defendant violated §1692e(10) by falsely representing that the Loan was collectible at the time of the demand for payment when in fact the Loan was not collectible against Plaintiff personally by virtue of Plaintiff's Chapter 7 discharge and the terms of the Confirmed Plan.

   **b.  Violations of 15 U.S.C. § 1692f**

   Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. Defendant violated §§1692f and f(1) by attempting to collect an amount not permitted by law. Specifically, the bankruptcy discharge injunction, the bankruptcy automatic stay, and the Confirmed Plan prohibited Defendant from attempting to collect on the Loan from Plaintiff. *See* 11 U.S.C. §524, §362(a)(6), and §1327(a).

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f and f(1);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A);

D. an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3); and

E. any further relief this Court deems just and proper.

## CLASS ALLEGATIONS

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Classes").

55. The Putative Classes are defined as follows:

### Discharged Class

All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the mortgage statement attached hereto as Exhibit A; (c) for purposes of collection upon a consumer debt; (d) that was discharged in a Chapter 7 or Chapter 13 bankruptcy proceeding pursuant to 11 U.S.C. §727 or §1328(a).

### Automatic Stay Class

All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a correspondence from Defendant, the same as or substantially similar to the mortgage statement attached hereto as Exhibit A; (c) for purposes of collection upon a consumer debt; (d) while they were in an active bankruptcy.

56. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity:**

57. The exact number of members of the Putative Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

58. Members of the Putative Classes will be objectively identified from records of Defendant to be gained in discovery.

59. Upon information and belief, Defendant services mortgage loans for thousands of consumers who fall into the definition of the Putative Classes.

### B. Commonality and Predominance:

60. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes and those questions predominate over any questions that may affect individual members of the Putative Classes. Common questions for the Putative Classes include, but are not necessarily limited to the following:

   a. Whether Defendant attempted to collect mortgage debt that was discharged in bankruptcy from the Discharged Class members.

   b. Whether Defendant attempted to collect mortgage debt from the Automatic Stay Class members while they were in an active bankruptcy.

### C. Typicality:

61. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability:

62. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

63. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

64. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

65. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation:**

66. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

67. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

68. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

69. As pled above, Plaintiff is able to satisfy the elements of Fed. R. Civ. P. 23.

## CLASS CLAIMS FOR RELIEF

### COUNT II:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (On Behalf of the Putative Classes)

70. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

71. By sending mortgage statements to members of the Putative Classes containing identical or similar language as the mortgage statement received by Plaintiff, Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f and f(1) by unlawfully demanding payment on mortgage loans that were previously discharged in bankruptcy or were subject to an active bankruptcy proceeding.

72. In doing so, Defendant used false representations regarding the consumers' mortgage loans and attempted to collect amounts not permitted by bankruptcy law.

**WHEREFORE**, Plaintiff on behalf of members of the Putative Classes, requests the following relief:

A.    an order granting certification of the proposed classes, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.    a finding that Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f and f(1);

C.    an order enjoining Defendant from further violation(s) of 15 U.S.C. §§1692e, e(2), e(10), f and f(1);

D.    an award of such amount as the Court may allow for all class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E.    an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3); and

F.    any further relief this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: December 30, 2019

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com